## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEREK MILOSAVLJEVIC,<br><br>                    Petitioner,<br><br>v.<br><br>JETSMARTER, INC.,<br><br>                    Respondent. | **Civil Action No. 1:19-cv-03317-GHW**<br><br>**Oral Argument Requested** |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

**GORDON REES SCULLY MANSUKHANI LLP**
Ronald A. Giller
Daniel J. DiMuro
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: (973) 549-2500
Fax: (973) 377-1911
E-mail: rgiller@grsm.com
E-mail: ddimuro@grsm.com
*Attorneys for Respondent*
*JetSmarter, Inc.*

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................2

    I.      The Florida Class Arbitration ...............................................................2

    II.     The California Lawsuit .........................................................................3

    III.    The Petition.........................................................................................4

LEGAL ARGUMENT .......................................................................................................6

    I.      Dismissal is Warranted for Improper Venue Pursuant to Rule 12(b)(3) ...............6

          A.     Section 1391(b)(3) .......................................................................6

          B.     Section 1391(b)(2) .......................................................................7

          C.     Section 1391(b)(1) .......................................................................9

              i.      Personal Jurisdiction:  General Jurisdiction...................................10

              ii.     Personal Jurisdiction:  Specific Jurisdiction ................................13

              iii.    Due Process – Due Process Does Not Support a Finding of Personal Jurisdiction Over JetSmarter.......................................15

    II.     Alternatively, Transfer to the Southern District of Florida is Appropriate............17

          A.     The Convenience of the Parties and the Interest of Justice Favor Transfer to the Southern District of Florida Under 28 U.S.C. § 1404(a) .......................................................................17

              i.      The Convenience of the Witnesses and Parties Support Transfer ........................................................................19

              ii.     Locus of Operative Facts Supports Transfer ................................20

              iii.    Other Relevant Factors .................................................................20

CONCLUSION.................................................................................................................22

# TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE**

*Agency Rent A Car Sys. v. Grand Rent A Car Corp.*,
    98 F.3d 25 (2d Cir. 1996)...................................................................................... 15

*Alexander Ins., Ltd. v. Exec. Life Ins. Co.*,
    Civ. No. 90-8268 (KMW), 1991 U.S. Dist. LEXIS 10432
    (S.D.N.Y. July 29, 1991) .................................................................................... 19

*Andros Compania Maritima S.A. v. Intertanker, Ltd.*,
    714 F. Supp. 669 (S.D.N.Y. 1989) .............................................................. 14-15

*Bank Brussels Lambert v. Fiddler Gonzales & Rodriguez*,
    171 F.3d 779 (2d Cir. 1999)................................................................................ 15

*Beacon Enters, Inc. v. Menzies*,
    715 F.2d 757 (2d Cir. 1983).............................................................................. 10

*Bear Sterns & Co. v. Tottenham Corp.*,
    Civ. No. 92-4005 (JES), 1992 U.S. Dist. LEXIS 18338 (S.D.N.Y. Dec. 3, 1992).......... 21

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007).............................................................................. 15

*BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co.*,
    No. 90-cv-2231 (WL), 1991 U.S. Dist. LEXIS 13220 (S.D.N.Y. Sept. 23, 1991).......... 14

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016)......................................................................... 10-11

*Coen v. Hoffmann-La Roche*,
    Civ. No. 06-13497 (RMB)(RLE), 2007 U.S. Dist. LEXIS 23132
    (S.D.N.Y. Mar. 21, 2007) .................................................................................. 19

*Cortez Byrd Chips v. Bill Harbert Constr. Co.*,
    529 U.S. 193 (2000)....................................................................................... 6-7

*Crow Constr. Co. v. Jeffrey M. Brown Assocs.*,
    01 Civ. 3839 (AGS), 2001 U.S. Dist. LEXIS 13392
    (S.D.N.Y. Aug. 30, 2001) .................................................................................. 18

*Daniel v. Am. Bd. of Emergency Med.*,
    428 F.3d 408 (2d Cir. 2005)............................................................................ 7-8

# TABLE OF AUTHORITIES (Continued)

*Diamler AG v. Bauman,*
　　134 S. Ct. 746 (2014) ...................................................................................... 11

*Engima Software Grp. USA, LLC v. Malwarebytes Inc.,*
　　260 F. Supp. 3d 401 (S.D.N.Y. 2017) ..................................................... 17-18

*Gulf Ins. Co. v. Glasbrenner,*
　　417 F.3d 353 (2d Cir. 2005) .............................................................................. 7

*Holness v. Mar. Overseas Corp.,*
　　676 N.Y.S.2d 540 (App. Div. 1998) ............................................................... 12

*In re AtheroGenics Sec. Litig.,*
　　2006 U.S. Dist. LEXIS 15786 (S.D.N.Y. Mar. 31, 2006) .......................... 17, 20

*In re Connetics Sec. Litig.,*
　　2007 U.S. Dist. LEXIS 38480 (S.D.N.Y. May 23, 2007) ................................. 19

*In re Magnetic AudioTape Antitrust Litig.,*
　　334 F.3d 204 (2d Cir. 2003) ............................................................................ 10

*In re Welspun Litig.,*
　　No. 16-cv-6792 (VB), 2019 U.S. Dist. LEXIS 84635 (S.D.N.Y. May 20, 2019) ............ 13

*Int'l Shoe Co. v. Washington,*
　　326 U.S. 310 (1945) ........................................................................................ 15

*Kernan v. Kurtz-Hastings, Inc.,*
　　175 F.3d 236 (2d Cir. 1999) ....................................................................... 15-16

*McGowan v. Smith,*
　　52 N.Y.2d 268 (1981) ..................................................................................... 13

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,*
　　84 F.3d 560 (2d Cir. 1996) ........................................................................ 10, 16

*Metropa Co. v. Choi,*
　　458 F. Supp. 1052 (S.D.N.Y. 1978) ................................................................ 10

*Minholz v. Lockheed Martin Corp.,*
　　227 F. Supp. 3d 249 (N.D.N.Y. 2016) ............................................................ 12

*New England Laminates Co. v Murphy,*
　　79 Misc 2d 1025 (N.Y. Sup. Ct. 1974) ........................................................... 12

**TABLE OF AUTHORITIES** (Continued)

*O'Daiah v. New York City*,
    No. 02-cv-274 (DLC), 2002 U.S. Dist. LEXIS 15507 (S.D.N.Y. Aug. 21, 2002)............ 6

*Pieczenik v. Cambridge Antibody Tech. Group*,
    No. 03-cv-6336 (SAS), 2004 U.S. Dist. LEXIS 4127 (S.D.N.Y. Mar. 16, 2004)........ 6 n.1

*Sae Han Sheet Co. v. Eastman Chemical Corp.*,
    No. 17–cv-2734 (ER), 2017 U.S. Dist. LEXIS 173410 (S.D.N.Y. Oct. 19, 2017) .......... 12

*Seneca Ins. Co. v. Henrietta Oil Co.*,
    No. 02-cv-3535 (DC), 2003 U.S. Dist. LEXIS 1608 (Feb. 4, 2003) ................................. 8

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
    450 F.3d 100 (2d Cir. 2006)....................................................................................... 13-14

*TBV Holdings Ltd. v. Schey*,
    No. 02-cv-1122 (BSJ), 2002 U.S. Dist. LEXIS 13682 (S.D.N.Y. July 26, 2002)............. 6

*Villanova v. Harbilas*,
    No. 08-cv-10448 (PKC) (RLE), 2010 U.S. Dist. LEXIS 37797
    (S.D.N.Y. Apr. 13, 2010)........................................................................................... 6 n.1

**STATUTES**

28 U.S.C. § 1391 ................................................................................................................. 1

28 U.S.C. § 1391(b) ....................................................................................................... 6, 17

28 U.S.C. § 1391(b)(1) ................................................................................................... 9-10

28 U.S.C. § 1391(b)(2) ..................................................................................................... 7, 9

28 U.S.C. § 1391(b)(3) ......................................................................................................... 6

28 U.S.C. § 1391(c)(2)....................................................................................................... 10

28 U.S.C. § 1404...................................................................................................1-2, 17, 18, 20

CPLR § 302........................................................................................................................ 13, 15

## PRELIMINARY STATEMENT

Respondent JetSmarter, Inc. ("JetSmarter") respectfully submits this brief in support of its motion to dismiss this action or, in the alternative, transfer venue to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1404.

Rather than simply opt out of the subject class action arbitration currently taking place in Florida (the "Florida Class Arbitration"), Petitioner – who is a member of the certified class – seeks to collaterally attack it in this Court by filing this Petition seeking to vacate the two partial arbitration awards.  If successful, Petitioner would potentially take substantial monetary compensation directly out of the pockets of thousands of JetSmarter members who chose not to opt out.  Put another way, rather than opting out and focusing on pursuing his own individual arbitration proceeding (which is currently on file), Petitioner seeks to burden the Court with the filing of this Petition to vacate two arbitration awards that have no connection to New York and no apparent impact on him.

As a threshold matter, the instant Petition should be dismissed for improper venue. Petitioner is a California attorney who is a non-resident of New York.  He seeks to invalidate two awards issued in connection with the Florida Class Arbitration.  Pursuant to 28 U.S.C. § 1391, JetSmarter is not a resident of the State of New York because it is not subject to personal jurisdiction in the Southern District of New York and a substantial part of the events giving rise to the subject claim did not take place in New York.  Thus, venue is improper and this action should be dismissed pursuant to Rule 12(b)(2) (lack of personal jurisdiction) and Rule 12(b)(3) (improper venue).

Alternatively, should the Court rule that personal jurisdiction can be exercised in this district and/or that the venue is otherwise proper, it is submitted that this matter exclusively involving a Florida Class Arbitration should be transferred to the Southern District of Florida

pursuant to 28 U.S.C. § 1404.

Accordingly, based upon the foregoing, it is respectfully requested that the Court grant this motion and dismiss the Petition or, in the alternative, transfer this matter to the Southern District of Florida.

## STATEMENT OF FACTS

### I.      The Florida Class Arbitration

On or about September 5, 2018, seven claimants lodged a Demand for Class Arbitration against JetSmarter with the American Arbitration Association in Fort Lauderdale, Florida. *See* Declaration of Jenna Gushue ("Gushue Decl."), at ¶ 2. JetSmarter and class counsel agreed to arbitrate the class before the American Arbitration Association (the "AAA") in Broward County, Florida and agreed upon the appointment of former Miami-Dade County Circuit Court Judge Ellen Leesfield as the Arbitrator (the "Florida Arbitrator"). *Id.* at ¶ 3. In connection with the Florida Class Arbitration, counsel for both sides participated in several telephonic as well as in-person conferences and hearings with the Florida Arbitrator as well as the AAA. *Id.* at ¶ 4.

On or about February 19, 2019, the Florida Arbitrator issued a Partial Award on Clause Construction as to Class Arbitration and Partial Award on Class Determination – the arbitration equivalent of a court order granting class certification. *See* Dkt. No. 2 at 5-24. In issuing this first Partial Award, the Florida Arbitrator concluded that she had authority to determine arbitrability and the propriety of class-wide arbitration, the Florida Class Arbitration was appropriate for class arbitration, and there was a contractual basis for concluding that class members consented to class arbitration. Additionally, she certified a class defined as: "[a]ll persons who were or became JetSmarter members on or after September 5, 2014, and prior to June 19, 2018, excluding all those who previously executed a valid release of liability in favor of JetSmarter." *Id.*

2

Thereafter, on or about March 7, 2019, the parties to the Florida Class Arbitration entered into a settlement agreement. *See* Gushue Decl. at ¶ 6. On March 12, 2019, a motion for preliminary approval of the Florida Class Arbitration settlement was subsequently filed. *Id.* at ¶ 7. On March 19, 2019, the Florida Arbitrator conducted a Preliminary Approval Hearing requiring counsel for both sides to appear in-person to argue the motion for preliminary approval of the settlement of the Florida Class Arbitration. *Id.* at ¶ 8.

On or about March 19, 2019, the Florida Arbitrator issued a second Partial Award Granting Preliminary Approval of Class Arbitration Settlement. *See* Dkt. No. 2 at 26-32. In doing so, she required class notice to be issued, set a deadline to opt out or object to the terms of the settlement and scheduled a Final Approval Hearing to take place on Tuesday, June 4, 2019 at 3:00 p.m. at her law offices in Coral Gables, Florida. *Id.* The deadline to opt out of the settlement of the Florida Class Arbitration has since been extended until June 13, 2019 and the Final Approval Hearing has also been rescheduled to July 11, 2019 in Coral Gables, Florida. *See* Gushue Decl. at ¶ 10.

In advance of the expiration of these deadlines, the conducting of a Final Approval Hearing, and the entry of an Award granting final approval of the settlement, non-party Petitioner chose to file this premature Petition – in a venue having no connection with either Petitioner or the arbitration – seeking to vacate two partial awards instead of simply opting out of the class action settlement to pursue his own action or objecting to the settlement as provided by the Florida Arbitrator's orders.

## II.     **The California Lawsuit**

Petitioner Derek Milosavljevic is admittedly an individual domiciled in Los Angeles, California. *See* Dkt. No. 1 at ¶ 8. As alleged in his Petition, on or about May 14, 2018, Petitioner filed his own lawsuit in the Superior Court of the State of California for the County of

Los Angeles against JetSmarter asserting several claims including violations of California's "Yelp" Law, Cal. Civ. Code § 1670.8, False Advertising Law, Unfair Competition Law, Consumer Legal Remedies Act, and for breach of contract and fraudulent inducement. *Id.* at ¶ 23. Petitioner subsequently dismissed his Complaint and on August 7, 2018, re-filed his lawsuit in the same court alleging substantially identical facts and bringing substantially similar claims. *Id.* at ¶ 24. Over Petitioner's objection, the California court granted JetSmarter's motion to compel arbitration, ruling in part that the issue of arbitrability must be decided by the arbitrator. *Id.* at ¶ 25. Petitioner's individual arbitration is currently pending in California and a California arbitrator has been appointed. *See* Gushue Decl. at ¶ 13.

Apparently Petitioner is not satisfied with the opportunity to pursue his individual arbitration and now seeks to have this Court invalidate the Florida Class Arbitration – the very same arbitration he has chosen to not participate in but for whatever reason refuses to opt out of or object to in the manner provided in the Florida Arbitrator's awards.

## III.    <u>The Petition</u>

Petitioner alleges that this Petition has been filed in order to vacate "two stunningly overreaching arbitration awards by a Florida arbitrator purporting to certify a national class of more than 13,000 consumers for arbitration, and to preliminarily approve a settlement that would bind those absent class members, including Petitioner[.]" Dkt. No. 1 at ¶ 1.

The underlying class arbitration was brought by seven users of JetSmarter's services (the "Named Claimants") alleging "violations of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201, et seq., and similar laws of other states, unjust enrichment, and breach of contract." *Id.* at ¶ 2. In support of his Petition, Petitioner claims that "the briefing, hearings, deliberations, settlement negotiations–and even the settlement itself–leading to these Awards that purport to bind Petitioner and thousands of other consumers were conducted in

secret in violation of the FAA, the rules of the American Arbitration Association (the "AAA"),
and fundamental concepts of fairness and due process." *Id.* at ¶ 4.

Petitioner admits that he has only the most attenuated connections with the forum state.
*See id.* at 19.  Furthermore, JetSmarter is a corporation organized under the laws of the State of
Delaware with its principal place of business in Broward County, Florida – not in New York.  *Id.*
at ¶ 9.

As alleged by Petitioner, relevant non-parties to this Petition include, without limitation:
Ellen L. Leesfield – a retired Florida state court judge and resident of Florida who issued the
arbitration awards and seven Named Claimants (five of whom are located in New Jersey and
Florida).  *See id.* at ¶ 10-17.

The Petition further alleges that venue is proper in the Southern District of New York
because:

> Respondent regularly conducts business in this District, and a substantial portion of
> events giving rise to Petitioner's claims occurred in this District.  Specifically,
> Petitioner used JetSmarter's services to book and travel on at least five cross-
> country flights from three different airports in California terminating in this
> District.  Additionally, Petitioner used JetSmarter's services to travel on at least two
> helicopter flights between Westchester County Airport and Manhattan.  According
> to JetSmarter's own calculations, more than a third of the value JetSmarter
> allegedly provided Petitioner stems from travel to or from this District.  And
> Petitioner alleges that at least a third of the more than $2 million in damages he has
> suffered from JetSmarter's acts and omissions relates to such travel or promises
> about such travel.

*Id.* at ¶ 19.  These allegations, of course, plainly fail to establish venue given that this Petition
solely relates to the vacatur of two arbitration awards issued in the Florida Class Arbitration –
not Petitioner's private lawsuit that he filed in California (not New York) and which has
subsequently been compelled to arbitration in California.  *Id.* at ¶ 23-25.

In short, as will be discussed herein, JetSmarter's motion should be granted and the Court should dismiss this action for improper venue and lack of personal jurisdiction.[1]

## LEGAL ARGUMENT

### I.    Dismissal is Warranted for Improper Venue Pursuant to Rule 12(b)(3)

Venue is not proper in the Southern District of New York and Petitioner has failed to satisfy his burden. *See O'Daiah v. New York City*, No. 02-cv-274 (DLC), 2002 U.S. Dist. LEXIS 15507, at *56 (S.D.N.Y. Aug. 21, 2002) (citing *TBV Holdings Ltd. v. Schey*, No. 02-cv-1122 (BSJ), 2002 U.S. Dist. LEXIS 13682, at *1 (S.D.N.Y. July 26, 2002) ("On a motion to dismiss for improper venue, the plaintiff has the burden of establishing that he has chosen the proper venue.")).

### A.    Section 1391(b)(3)

Aside from the well-settled permissive venue provisions of the Federal Arbitration Act which would permit this action to be filed in the Southern District of Florida, there are only three other ways to establish venue under 28 U.S.C. § 1391(b).  First, Section 1391(b)(3) does not apply.  It states in relevant part that: "if there is no district in which an action may otherwise be brought . . . [it may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."   Put simply, since venue is appropriate in the Southern District of Florida under the FAA because the Florida Class Arbitration took place in Broward County, Florida, this section is inapplicable.  *See Cortez Byrd Chips v. Bill*

---

[1] Pursuant to *Villanova v. Harbilas*, No. 08-cv-10448 (PKC) (RLE), 2010 U.S. Dist. LEXIS 37797 (S.D.N.Y. Apr. 13, 2010), it appears that the pro se notice under Local Civil Rule 12.1 may apply to a motion to dismiss for improper venue and lack of personal jurisdiction.  *But see Pieczenik v. Cambridge Antibody Tech. Group*, No. 03-cv-6336 (SAS), 2004 U.S. Dist. LEXIS 4127 (S.D.N.Y. Mar. 16, 2004) (explaining Local Civil Rule 12.1 is only applicable to Rule 12(b)(6) motions – not a motion to dismiss for lack of personal jurisdiction).  Nonetheless, out of an abundance of caution, JetSmarter has served and filed the requisite notice pursuant to Local Civil Rule 12.1 in connection with this motion.

*Harbert Constr. Co.*, 529 U.S. 193, 195 (2000) (holding that the venue provisions of the FAA are permissive allowing a motion to vacate to be brought either in the district where the award was made or in any district proper under the general venue statute).

   B.      Section 1391(b)(2)

   Next, Section 1391(b)(2) only permits venue in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). In *Gulf Ins. Co. v. Glasbrenner*, the Second Circuit squarely addressed the issue of whether the Southern District of New York "is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 417 F.3d 353, 356 (2d Cir. 2005) (internal quotations and citations omitted). In conducting this analysis, the Second Circuit has "caution[ed] district courts to take seriously the adjective 'substantial.' We are required to construe the venue statute strictly." *Id.* at 357. The Second Circuit further explained:

> That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's "substantial part" test as mirroring the minimum contacts test employed in personal jurisdiction inquiries.

*Id.* (emphasis in original). The Second Circuit vacated the district court's ruling and remanded to allow the plaintiff to submit certain evidence concerning relevant contacts with the forum state. *Id.* at 358.

   The Second Circuit has also explained that when a plaintiff relies upon Section 1391(b)(2) to attempt to defeat a venue challenge, a two-part inquiry is appropriate:

> First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d at 357. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether "significant events or omissions material to [those] claims . . . have occurred in the

7

district in question." *See id.* (emphasis removed); *see also Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (asking (1) "What acts or omissions by [defendant] gave rise to [plaintiff's] claim?" and (2) "Of those acts, did a 'substantial part' of them take place in [the chosen venue]?")

*Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005).

The court went on to explain that "'[s]ubstantiality' for venue purposes is more a qualitative than quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Id.* at 432-33.

In *Seneca Ins. Co. v. Henrietta Oil Co.*, the plaintiff filed suit seeking a declaratory judgment rescinding an insurance policy issued to one of the defendants. No. 02-cv-3535 (DC), 2003 U.S. Dist. LEXIS 1608 (Feb. 4, 2003). The plaintiff sought to establish venue in the Southern District of New York because it was allegedly "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* at *10. The court rejected this position and explained that all of the key events occurred in Texas – all of the events underlying the subject insurance claim occurred in Texas – not New York. *Id.* at *11. Notably, even though the subject insurance policy was issued in New York, the plaintiff processed the application in New York, and it purportedly suffered injury in New York, those contacts were insufficient to constitute a "substantial part" of the events giving rise to the claims in the declaratory judgment action. *Id.* at *12.

Here, Petitioner's claims involve an arbitration which exclusively took place in Florida and his rights in contesting any awards issued in connection with the arbitration are based upon a contract he entered into with JetSmarter – which has absolutely no connection to New York. All of the acts and omissions Petitioner claims support the vacatur of the arbitration awards occurred in Florida – not New York. As set forth above, Petitioner advanced the argument that the Florida

Arbitrator exceeded her authority in connection with the awards that were issued as a result of conferences, hearings, motions, and agreements all entered into in Florida.  Thus, no part – not to mention a "substantial" part – of the acts or omissions giving rise to Petitioner's claims occurred in New York.

In another effort to establish venue, Petitioner emphasizes his own attenuated contacts with the forum state – the fact that he purportedly traveled from California to New York a few times and used helicopter services from Westchester to Manhattan twice.  He further claims that because his purported issues with JetSmarter's acts and services relate to his travel and a third of his travel would have been to or from these District, he is able to establish that a substantial part of the events giving rise to the claim occurred here in New York.  Indeed, it appears that Petitioner confuses this Petition with his individual arbitration action involving his direct claims for fraud and the like currently pending in California.  Significantly, none of the facts that Petitioner relies upon in order to attempt to establish venue are relevant to this Petition seeking to vacate two arbitration awards issued in connection with a Florida Class Arbitration.  In short, Petitioner is not bringing the instant Petition to seek redress for some wrongs allegedly committed against him in connection with his several flights to New York; those claims are the subject of his California arbitration.  Rather, he brings this Petition seeking to challenge and vacate an arbitration that is venued in Florida, presided over by a Florida judge, and brought against a Florida company (JetSmarter).  In short, the issues raised by this petition have no connection – much less a substantial or material one – with New York.  Based upon the foregoing, venue cannot be established pursuant to Section 1391(b)(2).

C.      Section 1391(b)(1)

The third and only other possible way to establish venue in this District is if Petitioner can establish that JetSmarter "resides" here.  *See* 28 U.S.C. § 1391(b)(1) ("a civil action may be

brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"); *see also* 28 U.S.C. § 1391(c)(2) ("an entity . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]").  Here, the Petition clearly does not support the exercise of personal jurisdiction over JetSmarter in this action.

"Federal courts look to state law to determine personal jurisdiction[,]" *Metropa Co. v. Choi*, 458 F. Supp. 1052, 1054 (S.D.N.Y. 1978) and "plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  *In re Magnetic AudioTape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).

The Court may exercise personal jurisdiction over JetSmarter only to the extent permitted by New York's long-arm statute and the requirements of due process.  *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).  The Court may satisfy due process and exercise personal jurisdiction under two theories – general jurisdiction and specific jurisdiction. *Id.* at 567-68.  Here, Petitioner is unable to establish jurisdiction under either theory.

### i.      Personal Jurisdiction:  General Jurisdiction

Petitioner is unable to establish general jurisdiction in this matter pursuant to Section 301 of the CPLR.  "Under the New York courts' interpretation of section 301, a non-domiciliary subjects herself to personal jurisdiction in New York with respect to *any* cause of action if she is engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of [her] 'presence' in this jurisdiction."  *Beacon Enters, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (internal citations omitted) (emphasis in original).

In analyzing the issue of general jurisdiction of a corporation, the Second Circuit explained that:

A corporation is "essentially at home," . . . where it is incorporated or where it has

> its principal place of business.  Only in the "exceptional" case will another
> jurisdiction be entitled to exercise such sweeping powers as the use of its
> adjudicatory authority to decide matters unrelated to its citizens or to affairs within
> its borders. . . . A corporation's continuous activity of some sorts within a state  . .
> . is not enough to support the demand that the corporation be amenable to suits
> unrelated to that activity.

*Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (internal citations and

quotations omitted).  In *Brown*, the Second Circuit analyzed the defendant's contacts with the

forum state to determine whether the exercise of general jurisdiction over it by Connecticut

courts would comport with the notions of due process and substantial justice.  In analyzing the

relevant facts, the court highlighted that the defendant did have 30 to 70 employees located in

Connecticut, had a physical presence in Connecticut for over three decades, obtained a formal

certificate to do business in the state, leased several locations in connection with its operations

in the state, generated $160 million in revenue for its Connecticut-based work, and paid

Connecticut taxes on that revenue.  *Id.* at 628-29.  However, even with all of these contacts with

the forum state, the court still held them to be insufficient to establish general jurisdiction.  *Id.* at

630.

Significantly, Petitioner is unable to establish general jurisdiction because it is well-

settled that a corporation's place of incorporation and principal place of business are the

"paradigm" bases for general jurisdiction, and courts in other states may only exercise

jurisdiction in "exceptional cases."  *See Diamler AG v. Bauman*, 134 S. Ct. 746, 760 (2014); *see

also Brown*, 814 F.3d at 627.  Here, general jurisdiction cannot be established because

JetSmarter is incorporated in Delaware, its principal place of business is in Florida, and its

contacts with the forum state are substantially limited.  *See* Gushue Decl. at ¶ 14.

Notably, JetSmarter's contacts with the forum state are not systematic and continuous nor

are they substantial:  (1) JetSmarter is not incorporated in New York; (2) JetSmarter is not

licensed to do business in New York; (3) JetSmarter has no registered agent for service of

process in New York; (4) JetSmarter has no physical offices in New York; (5) JetSmarter owns

no real property in New York; (6) JetSmarter does not maintain any officers operating,

conducting, or doing business in New York; (7) JetSmarter leases no real property in New York;

(8) JetSmarter does not maintain any bank accounts in New York; (9) JetSmarter does have some

members who are residents of New York; however, the majority of its members are located in

other states all across the United States as well as in other countries all over the world; (10)

JetSmarter has only four employees who are residents of New York; and (11) JetSmarter does

maintain a cellular phone application (the "JetSmarter App") as well as a website and both are

accessible by members and potential members from all over the world. *See* Gushue Decl. at ¶¶

14-22. Indeed, these limited contacts certainly do not permit this Court to exercise general

jurisdiction over JetSmarter. *See Sae Han Sheet Co. v. Eastman Chemical Corp.*, No. 17–cv-

2734 (ER), 2017 U.S. Dist. LEXIS 173410, at *6-8 (S.D.N.Y. Oct. 18, 2017) (unable to exercise

general jurisdiction even though defendant had multiple offices, was registered to do business,

and was the subject of multiple lawsuits in New York); *see also Minholz v. Lockheed Martin

Corp.*, 227 F. Supp. 3d 249, 261-64 (N.D.N.Y. 2016) (no personal jurisdiction over national

defense contractor registered to do business in New York with three locations and 3.77% of its

employees in New York); *New England Laminates Co. v Murphy,* 79 Misc 2d 1025, 1027 (N.Y.

Sup. Ct. 1974) (no general jurisdiction where foreign defendant advertised in New York media,

shipped goods to New York buyers and maintained two employees in-State, but contracts had to

be approved by California main office and only 4% of defendant's business was from New

York); *Holness v. Mar. Overseas Corp.*, 676 N.Y.S.2d 540, 543 (App. Div. 1998) (explaining

that New York does not have general jurisdiction over a foreign entity whose contacts with New

York are advertising and marketing activities plus representatives' occasional visits to New

York).  Thus, this Court is unable to exercise general jurisdiction over JetSmarter.

> ### ii.    Personal Jurisdiction:  Specific Jurisdiction

The only other avenue to establish personal jurisdiction is to attempt to establish specific

jurisdiction – which does not exist in this matter either.  CPLR § 302 is New York's "long arm"

statute which permits specific jurisdiction over an out-of-state defendant under certain

circumstances.  *In re Welspun Litig.*, No. 16-cv-6792 (VB), 2019 U.S. Dist. LEXIS 84635, at

*23 (S.D.N.Y. May 20, 2019).  Although Petitioner completely omits any reference to this

authority in his Petition, it is presumed that Petitioner seeks to establish personal jurisdiction

under Section 302(a)(1).

In order to establish specific jurisdiction under Section 302(a)(1), Petitioner is required to

meet the following two requirements: (1) the defendant must have transacted business within the

state; and (2) the claim asserted must arise from that business activity.  *See McGowan v. Smith*,

52 N.Y.2d 268, 273 (1981).

To address the second requirement, "New York courts have held that a claim aris[es]

from a particular transaction when there is some articulable nexus between the business

transacted and the cause of action sued upon or when there is a substantial relationship between

the transaction and the claim asserted[.]" *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,

450 F.3d 100, 103 (2d Cir. 2006) (internal citations and quotations omitted).

Put simply, Petitioner cannot satisfy Section 302(a)(1) because the two main underlying

issues involved herein have absolutely no connection to any business activity in New York nor is

any alleged.  First, the thrust of the Petition involves the Florida Class Arbitration and all of the

purported issues raised by Petitioner in support of his Petition to vacate the awards occurred in

Florida – not New York.

Second, as set forth by the Second Circuit in *Sole Resort*, the contacts underlying a contract that gives rise to an arbitration are also relevant and a determination must be made as to whether or not they have an articulable nexus with or substantial relationship to a challenge to the arbitrator's award.  *See Sole Resort, S.A. de C.V.*, 450 F.3d at 103-04.

Petitioner's standing to actually file this Petition and challenge the arbitration awards stems from his membership agreement with JetSmarter.  Had Petitioner never became a JetSmarter member, he would have no interest in the Florida Class Arbitration and this Petition would have never been filed.  Indeed, this underlying contract has no nexus whatsoever to New York as Petitioner is a California resident, JetSmarter is headquartered in Florida, and there is no allegation that the contract has any connection with New York.  Furthermore, in his Petition, Petitioner takes issue with an agreement entered into between counsel for the Named Claimants and JetSmarter "in which JetSmarter agreed to waive the class action prohibition in Section 18, agreed to certification of a class and sub-classes, and agreed to the appointment of class counsel."  *See* Petition at ¶ 29.

As a threshold matter, Petitioner was not a party to this agreement.  Nonetheless, this agreement gave rise to the Florida Class Arbitration and has no nexus to New York either.  Rather, the agreement was entered into between counsel in Florida concerning the Florida Class Arbitration and Petitioner is claiming that the interpretation of this agreement and the authority granted pursuant to this agreement were improper.  *See* Dkt. No. 2 at 6; *see also BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co.*, No. 90-cv-2231 (WL), 1991 U.S. Dist. LEXIS 13220, at *4 (S.D.N.Y. Sept. 23, 1991) ("Plaintiff's claim . . . arises not from a breach of the [contract with New York contacts], but from a breach of [an agreement], which, it is conceded, had no connection with New York."); *Andros Compania Maritima S.A. v. Intertanker, Ltd.*, 714 F. Supp.

669, 675-76 (S.D.N.Y. 1989) (explaining that the only business which could have been transacted and out of which the claim to enforce an arbitration award could have arisen was the contract; however, plaintiff failed to establish that the contract constituted a transaction of business in New York or that the contract was negotiated in New York, or that there was any solicitation whatsoever in New York). Given Petitioner's clear failure to establish jurisdiction pursuant to Section 302(a)(1), venue is improper.

### iii. Due Process – Due Process Does Not Support a Finding of Personal Jurisdiction Over JetSmarter

The exercise of jurisdiction is a two-step analysis. After determining whether there are sufficient contacts, the Court must analyze whether the exercise of jurisdiction comports with due process. *See Bank Brussels Lambert v. Fiddler Gonzales & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "In order to satisfy the Due Process Clause of the United States Constitution, the exercise of long-arm jurisdiction by New York must be based on defendants' 'minimum contacts' with the state and must comport with 'traditional notions of fair play and substantial justice.'" *Agency Rent A Car Sys. v. Grand Rent A Car Corp.*, 98 F.3d 25, 32 (2d Cir. 1996) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The crucial question is whether the defendant has purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws such that [the defendant] should reasonably anticipate being haled into court there." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242-43 (2d Cir. 2007) (internal quotations and citations omitted).

When evaluating whether the assertion of jurisdiction comports with the traditional notions of fair play and substantial justice, the courts have considered five "reasonableness" factors:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in

obtaining convenient and effective relief; (4) the interstate judicial's system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering social substantive policies.

*Kernan v. Kurtz-Hastings, Inc.*, 175 F.3d 236, 244 (2d Cir. 1999) (citing *Metro. Life Ins. Co.*, 84

F.3d at 568).

As set forth below, none of these factors support the Court's exercise of personal

jurisdiction over JetSmarter:

1. *Burden on JetSmarter*- Maintaining this lawsuit in New York would impose a significant burden on JetSmarter. JetSmarter has an extremely limited presence in New York and is based over a thousand miles away in south Florida. JetSmarter would potentially have to send representatives from Florida to New York for all depositions and hearings, forcing those representatives to interrupt their lives and miss time at work and with their families.

2. *New York's Interest*- New York has no interest in this dispute. Petitioner is a California resident. JetSmarter is based in Florida and the subject Florida Class Arbitration and related proceedings all occurred in Florida. Given the choice-of-law provision contained in the respective membership agreements, the law of the forum state may not even apply in this matter. Accordingly, New York's interest in this Petition is nonexistent.

3. *Petitioner's Interest in Obtaining Relief*- Petitioner will be able to obtain relief in Florida.

4. *Effective Administration of Justice*- In considering this element, the courts generally consider where the witnesses and evidence are likely to be located. *See Kernan*, 175 F.3d at 245. Here, the potential witnesses including the Florida Arbitrator, representatives of JetSmarter, and the attorneys involved in the negotiations leading up to the ultimate settlement are all located in Florida – not New York. Further, any hard copies of potentially relevant documents would be located in Florida – not New York.

5. *Policy Considerations*- The exercise of personal jurisdiction over JetSmarter will not further any fundamental policies shared between New York and any other state.

Indeed, JetSmarter's limited connection with the forum state could not possibly allow it

to reasonably anticipate being subject to the jurisdiction of New York – especially in relation to

the Florida Class Arbitration which took place exclusively in Florida. Forcing JetSmarter to

defend this Petition in New York solely due to the forum shopping of Petitioner (he is a California resident) is unreasonable when compared to the resulting burdens.   Petitioner is unable to establish that the defendant has sufficient contacts with New York for this Court to confer either specific jurisdiction or general jurisdiction.   Furthermore, the exercise of personal jurisdiction over JetSmarter would offend the traditional notions of fair play and substantial justice.   Thus, personal jurisdiction cannot be established.

In sum, Petitioner has failed to establish venue pursuant to Section 1391(b) because this Petition is completely disconnected from the forum state and JetSmarter's contacts with the forum state are attenuated – at best.   Venue is improper in the Southern District of New York and this Court is unable to exercise personal jurisdiction – general or specific – over JetSmarter. Moreover, any exercise of personal jurisdiction would offend the traditional notions of fair play and substantial justice.   As a result, this motion should be granted and the Petition dismissed.

## II.        Alternatively, Transfer to the Southern District of Florida is Appropriate

### A.        The Convenience of the Parties and the Interest of Justice Favor Transfer to the Southern District of Florida Under 28 U.S.C. § 1404(a)

In the alternative, JetSmarter seeks to transfer this matter to the Southern District of Florida.  28 U.S.C. § 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"   "The purpose of this Section is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *In re AtheroGenics Sec. Litig.*, 2006 U.S. Dist. LEXIS 15786, at *7 (S.D.N.Y. Mar. 31, 2006) (internal quotations and citation omitted).  Section 1404 "gives district courts wide latitude to decide whether to transfer venue."  *Engima Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 406 (S.D.N.Y. 2017).  In deciding a motion to

transfer, the Court must undertake a two-step inquiry.  First, it must determine "whether the action could have been brought in the transferee district."  *Id.* at 407.  Second, if answered in the affirmative, the court must then determine "whether transfer would be an appropriate exercise of the Court's discretion."  *Id.*

> In assessing whether transfer is appropriate, the Court balances several factors including:
>
> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Id.*  Simply put, these factors weigh heavily in favor of transfer.

As a threshold matter, since the Florida Class Arbitration took place in Broward County, Florida and JetSmarter is headquartered in Florida, jurisdiction and venue would be appropriate in the Southern District of Florida pursuant to the Federal Arbitration Act.  Since venue is proper in the transferee district, the Court must next balance the nine factors delineated above to determine whether transfer is appropriate.

Significantly, "courts in this [Second] Circuit considering the proper venue for actions under the Federal Arbitration Act (the "FAA") have generally found that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place."  *Crow Constr. Co. v. Jeffrey M. Brown Assocs.*, 01 Civ. 3839 (AGS), 2001 U.S. Dist. LEXIS 13392, at *7 (S.D.N.Y. Aug. 30, 2001).  "The core determination under § 1404(a) is the center of the gravity of the litigation, a key test of which is the convenience of the witnesses.  Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district."  *Id.* at *9.

<blockquote>

**i.      The Convenience of the Witnesses and Parties Support Transfer**

</blockquote>

The convenience of the witnesses and parties clearly support transfer.  *See Coen v. Hoffmann-La Roche*, Civ. No. 06-13497 (RMB)(RLE), 2007 U.S. Dist. LEXIS 23132, at *7-8 (S.D.N.Y. Mar. 21, 2007) ("When considering the convenience of the parties, [t]he logical and relevant starting point is a consideration of the residence of the parties.") (internal quotations and citation omitted); *see also In re Connetics Sec. Litig.*, 2007 U.S. Dist. LEXIS 38480, at *15 (S.D.N.Y. May 23, 2007) (explaining that "given defendants' strong ties to Northern California and the plaintiffs' weak connections to this District, the convenience of parties tips decidedly in favor of . . . transfer" ); *Alexander Ins., Ltd. v. Exec. Life Ins. Co.*, Civ. No. 90-8268 (KMW), 1991 U.S. Dist. LEXIS 10432, at *6-8 (S.D.N.Y. July 29, 1991) (explaining that where the arbitration was held is presumptively the convenient forum for settling the dispute and finding that the balance of convenience weighs in favor of where the arbitration was held and the award made).

None of the parties are located in New York.  JetSmarter is based in Florida.  Petitioner is a California resident and, other than flying to New York occasionally, has no other apparent connection to the forum state.  Further, although JetSmarter believes Petitioner's Petition can and should be dismissed without the need for witness testimony, Petitioner likely disagrees.  If in fact witnesses are required, the likely witnesses in this case are located outside of New York.  Indeed, most of them are located in Florida.  These witnesses could include the arbitrator, retired Florida Judge Ellen L. Leesfield, the Florida attorneys involved in the negotiation of the settlement documents, hearings, and motions, individuals involved from the AAA, JetSmarter and its representatives who are located in Florida, and the seven class petitioners (five of whom are located outside of New York).

These witnesses could potentially provide testimony as to the underlying arbitration process resulting in the issuance of the two partial arbitration awards, the integrity of the Florida Class Arbitration which Petitioner has questioned, the purported communications between Petitioner and the Florida Arbitrator in connection with Petitioner's assertions that the Florida Arbitrator refused to allow Petitioner's participation in the Florida Class Arbitration, the entry of the agreement waiving the class action prohibition contained in the membership agreements, and the negotiations and discussions culminating in the entry of the class arbitration settlement.  In short, there is simply no justifiable reason to refrain from transferring this matter.

### ii.      Locus of Operative Facts Supports Transfer

Second, the locus of operative facts weighs heavily in favor of transfer.  Indeed, "[t]he locus of operative facts in an action brought pursuant to the FAA is the site where the arbitration took place." *Crow Constr. Co.*, 2001 U.S. Dist. LEXIS 13392, at *11.  Significantly, "the Court does not revisit the underlying issues determined by the arbitrators . . . [and, therefore,] the location of the events giving rise to the arbitrated dispute is not the focus here." *Id.* at *11-12. Here, Petitioner's personal legal claim against JetSmarter is not at issue in this proceeding; that claim is the subject of a non-class arbitration pending in California.  Rather, the instant proceeding involves the Florida Class Arbitration and, indisputably, all arbitration hearings, the issuance of the disputed awards, and even the mediation sessions giving rise to the ultimate settlement all took place in Florida.  Thus, this factor also strongly supports a transfer.

### iii.      Other Relevant Factors

Location of documents is basically neutral because the relevant documents are likely stored electronically.  However, any hard copies of documents would not be located in New York, but in Florida.  *See* Gushue Decl. at ¶ 23.  Therefore, this factor may slightly favor transfer.  *See In re AtheroGenics Sec. Litig*, 2006 U.S. Dist. LEXIS 15786, at *17-18 (explaining

that although documents can be transported from state to state, the fact that documents are located in the transferee district, favors transfer).

The availability of process to compel the attendance of unwilling witnesses is unclear at this time as it is not yet known whether the numerous non-party witnesses located in Florida would be willing to voluntarily fly up to New York to give any required testimony. The relative means of the parties and the forum's familiarity with the governing law are both neutral as well. The relative costs associated with the action pending in New York versus Florida is *de minimis* given that Petitioner is located in California. Whether federal law applies or the Florida choice-of-law provision governs, this Court would be able to aptly apply either law. Moreover, Petitioner's transparent decision to forum shop and file in the Southern District of New York should be afforded no weight in the Court's analysis. *Crow Constr. Co.*, 2001 U.S. Dist. LEXIS 13392, at *16 ("If, however, no material connection exists between plaintiff's initial choice of forum and the events giving rise to plaintiff's complaint, little weight should be given to the plaintiff's choice of forum.").

In sum, given that the underlying Florida Class Arbitration has virtually no connection to the forum state, the majority of witnesses are located in Florida, any relevant documents are in Florida, the arbitration hearings and mediations took place in Florida, the arbitrator is a retired Judge located in Florida, and Petitioner has no connection to New York, it is submitted that trial efficiency and the interests of justice weigh heavily in favor of transfer to Florida as well. *See Bear Stearns & Co. v. Tottenham Corp.*, Civ. No. 92-4005 (JES), 1992 U.S. Dist. LEXIS 18338, at *2-3 (S.D.N.Y. Dec. 3, 1992) (granting motion to transfer petition to vacate arbitration award and explaining transfer would further serve the interest of justice by removing any disputed personal jurisdiction issues and the inefficiencies associated therewith).

## <u>CONCLUSION</u>

Petitioner Derek Milosavljevic (a California attorney who is appearing *pro se*) improperly filed this Petition seeking to vacate two partial arbitration awards in connection with the Florida Class Arbitration.  Significantly, as a threshold matter, it is quite apparent that venue is not proper in the Southern District of New York because JetSmarter is not subject to personal jurisdiction in New York and a substantial part of the events giving rise to the subject claim clearly did not take place in New York.  Thus, dismissal is appropriate pursuant to Rule 12(b)(2) and Rule 12(b)(3).  Moreover, to the extent the Court is not inclined to dismiss the entire Petition, it is submitted that it should be transferred to the unquestionably more convenient forum of the Southern District of Florida pursuant to 28 U.S.C. § 1404.

GORDON REES SCULLY MANSUKHANI LLP
*Attorneys for Respondent*

By: */s/ Ronald A. Giller*
        Ronald A. Giller, Esq.
        Daniel J. DiMuro, Esq.

Dated: May 28, 2019